STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
December 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**THOMAS J. WALKER,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0690** (BOR Appeal No. 2046710)
                        (Claim No. 2002049523)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CHIP & DUST TRANSPORT, INC.**
**and JB HUNT TRANSPORT, INC.,**
**Employers Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Thomas J. Walker, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 25, 2012, in which the Board affirmed a December 19, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 28, 2011, decision denying a request for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Walker was injured when he was attempting to pull the tailgate ramp into a locking position on his delivery truck. His injury was held compensable for lumbar and cervical spine strains. Mr. Walker also contracted occupational pneumoconiosis in the course of his employment. He was granted a permanent partial disability award for his occupational pneumoconiosis in the amount of 15%. He was also granted an award of 22% impairment for his lumbar spine and 15% impairment for his cervical spine for a cumulative total of 35% impairment for his back injuries. Mr. Walker applied for permanent total disability benefits.

The Permanent Total Disability Review Board determined that Mr. Walker had not met the 50% threshold for permanent total disability. It found that he had 13% impairment for his lumbar spine, 16% impairment for his cervical spine, and 15% impairment for occupational pneumoconiosis. Using the combined values chart found in the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993), the Permanent Total Disability Review Board assessed Mr. Walker at 38% whole person impairment. Based upon these findings, the claims administrator denied the request for permanent total disability benefits on March 28, 2011.

The Office of Judges found, in its December 19, 2011, Order that the claims administrator properly denied the request. The Office of Judges held that even though the previous permanent partial disability awards add up to 50% that does not mean that when the totals are combined, he has met the 50% whole person impairment required per West Virginia Code § 23-4-6(n)(1) (2005). The Office of Judges determined that using the highest percentages Mr. Walker had ever been granted, he still failed to meet the 50% threshold required for impairment for pursing permanent total disability benefits.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on May 25, 2012. This Court agrees with the reasoning and conclusions of the Board of Review. Pursuant to West Virginia Code § 23-4-6(n)(1), Mr. Walker has failed to meet the 50% whole person impairment required to obtain permanent total disability benefits. Accordingly, the decision of the Board of Review is affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II